Peter A. Maher, Plaintiff, v. Marie Rose Leis Maher, Defendant.

Supreme Court, Special Term, New York County, August 28, 1939.

*Robert J. Fitzsimmons* [*Warren H. Mayell* of counsel], for the plaintiff.

*Ralph P. Schipa*, for the defendant.

Noonan, J. The defendant moves for judgment on the pleadings in an action instituted by the plaintiff for the annulment of his marriage with the defendant. The parties were married on June 2, 1934.

It is alleged in the complaint that immediately following the marriage " the defendant informed the plaintiff that she would not bear children and that she would not consummate the marriage unless artificial means were used by the plaintiff to prevent conception." It is further alleged that the defendant has never cohabited with the plaintiff and refuses to consummate the marriage.

The answer denies these allegations and sets up as a separate defense that on April 13, 1938, which is almost four years after the marriage, the plaintiff ratified and confirmed its validity by entering into a separation agreement with the defendant. It is the contention of the defendant that this separation agreement bars the maintenance of the action.

The refusal of the defendant to have ordinary marital relations with her husband strikes at the basic obligation of the marriage contract which is the procreation of offspring. (*Mirizio* v. *Mirizio*, 242 N. Y. 74.)

Here the marriage contract was never actually performed. How then can the separation agreement ratify an unfulfilled contract?

The case of *Butler* v. *Butler* (204 App. Div. 602), relied upon by the defendant, is not controlling. There the wife had falsely stated

to her husband, prior to the marriage, that she was of a chaste character. After the husband discovered this fraud, he entered into a separation agreement with his wife and the court held that this agreement condoned the fraud and ratified the marriage. The parties in that case had cohabited as husband and wife. The principle of that case may be easily understood, although the decision was by a bare majority of the court. Doubtless a false statement concerning a material element of the contract may be condoned and a marriage induced by such fraud may be ratified with knowledge of the facts. But in the present case there is something more than a falsity in the inducement of the contract. There is, as has been stated, a failure to consummate the contract. The contract of marriage consists not merely in the assent of both parties to live together in the marital state. To be valid, there must, in my opinion, be fulfillment of the basic obligations.

It does not seem to me, therefore, that a separation agreement can validate a relationship which has never fully come into being.

The motion is denied. Order signed.